Our next case the day is Buttles versus the Acting Commissioner of Social Security which has been submitted on the briefs So we'll move to case number eight our final case of the day United States versus Ray appeal number 23 1205 I Miss Frederick whenever you're ready It please the court counsel I Represent, mr. Ray. We are here on an appeal from a revocation of supervised release The contention is is that the district courts? assessment of sentencing of 24 months with an additional year of supervised release Release was plainly unreasonable in that the district court failed to make sufficient findings and failed to Follow all of the procedural rules required for a revocation of supervised release that was so significantly Above the guidelines. What were the procedural? Problems here the procedural problems were that the court I understood you to be only arguing this was substantively unreasonable and not sufficiently explained yes, your honor, and and perhaps I misspoke in that the the procedural unreasonableness of it was in Fashioning the sentence the court didn't consider. Mr. Ray's criminal history. He did not consider that the He did not consider the totality of the circumstances of the violation and he did not make sufficient findings As to why the court was varying so drastically upward. I Feel like he did address most of those things He certainly was paying attention to mr. Ray's track record on supervised release and up to and including Standing there in court on the 13th of December While people were talking about him having used methamphetamine two days earlier I think the court was was quite focused on Many of the factors that you're talking about And so when the court I believe actually was discussing why he was varying so highly upward It is true that when mr. Ray was in court in December He remained silent as to his methamphetamine use and wasn't that I mean, honestly, that's deception by silence I don't disagree. He did not he did not volunteer to the court or apparently to his counsel that he was or had previously used methamphetamine and that If he was going to be drug tested that it would be positive. He did not volunteer that to the court at the time And you know help me out here The court notes at this revocation hearing that he faces statutory maximum of 24 months Reimprisonment on count one, but it's actually 20. It's 36 months on the other two, right? Yes, right So the court could could have given an even more stringent sentence than he did The court could have given a more stringent sentence would have which would have exacerbated the unreasonableness But I'm just saying looking at the statutory criteria he picked something in the middle. I Know it's it's way above the policy statements, but they are just policy statements. He's well aware. The policy statements are there He he makes a remark Basically, you know saying what case are we here for? You know, he really thinks that this defendant is not a candidate for further lenience The the issue is when the the courts talking about what case are you talking about and why are the parties recommending six months? And that's unreasonable It appears from the record that the court is discussing an issue that he is Generally frustrated or exacerbated with mr. Ray's Use of methamphetamine and the issues surrounding methamphetamine Without taking into consideration the policy statements that are embedded in the guidelines the district court is of course free to disagree with the policy statements and the guidelines about whether methamphetamine is The worst drug that's being used or the most serious drug, but the courts The sentencing disparity in terms of talking about mr. Ray only tested positive a small number of times The court also discusses at some point that the underlying case was for drug trafficking and that he got a huge break from judge Perry In the Eastern District of Missouri without you would agree. That's a legitimate consideration under the guidelines I would agree if the court had any information about why the sentence was issued The court doesn't know and does not note whether that was a guideline sentence. That was based on What was reasonable at the time that the court's statement that it was a huge break seems to come from the court's own personal opinion that Methamphetamine or distribution of methamphetamine should not be getting 30 months. Do we know whether he got a Cooperation break in the Missouri case. We don't know it's not in the record It the the record in the pre-sentence investigation were not before the court in this Supervised-release matter and so the court doesn't know and there are no fine. How do we know that? It's not in the district courts record. It wasn't transferred over Unless probation gave it secretly in the back, which I guess we don't know But it wasn't prevent presented or discussed during any of the proceedings in this case But it seems weird. I guess why would a district judge? In southern, Illinois have to transfer over the record on the docket From the Eastern District of Missouri or Western District, Missouri, wherever it was without just being able to review that record We don't know what the judge looked at There's no information before us that the PSR was reviewed in this case prior to sentencing or prior to revocation If it is just because the judge didn't say it right that doesn't mean he didn't do it I don't I don't have any information about that your honor in terms of if the court had said I Reviewed the PSR or I understand why the counts were dismissed or something to that effect. I know that the PSR was not Reincorporated in some way into the court file in the Southern District of Illinois I would have had to undertake an extra special steps in order to be able to access it in a different jurisdiction Because I wasn't on the case and therefore it remained sealed so there's no indication from the record below that the district court had in fact reviewed the PSR or knows why there was a sentence of 30 months Cooperation or not that the district court statement seemed to reflect its own personal opinions that 30 months on methamphetamine Is just too low miss Fretter. I when I look at this record in front of Judge McGlynn, I It looks to me like he's seeing a defendant on supervised release with repeated problems repeated Matthews through 2021 and 2022 He's been given breaks indulgences patience and finally Times up, right And and so the issue is he's gonna get revoked the issue then becomes how much time he's entitled to consider that entire record Right. Yes, sir okay, and So I guess I'm having trouble seeing what's unreasonable about that in response to What strikes the judge as lots and lots of patience leniency and indulgence? in that the the courts discourse during the course of the hearing about patience and indulgence is Incorporated in the policy statements and in the sentencing guidelines But in order for the court to go so far above the guidelines for violation for use of drugs It's it's four dirty drops in the entire course of his supervision to go so far about a number of other Failures to cooperate that could have been covers that cover-ups, right? the failures to cooperate involved that he Wasn't in front of probation for a period of time Absconding I believe was the term used he absconded for a brief period of time and he missed a treatment appointment in a Substantial time of his supervised release that to go so far above the guidelines based on those violations is Is plainly unreasonable If the court doesn't have any further questions, I'll reserve my time. Thank you. Mr. Ligons Good Morning again, your honors. I expect I'll be really brief the Council makes it sound like that. This is a de novo review of the sentencing and that we should be looking into did the judge consider this or did the judge consider that did he give adequate explanation and This require requires only limited things For a district court to meet the standard of whether or not the sentence imposed was plainly unreasonable He has to recite the guideline range and the statutory range the district court has to give a concise explanation that justifies the sentence in light of the 3553 a factors and Then he has to provide an adequate Justification that is tied to the defendants conduct. And if you look at the record in this case the district court did that Yes, he didn't identify it as a grade B violation according to this court who cares I Think your honors question was was also pertinent. This was not a vindictive sentence. You don't have to worry about that He had a range that he could have gone up to 36 months. He chose 24 That also plays into the notion that the judge was giving a considered judgment to how this particular Defendant's conduct played into the the factors that he was considering and Given this record I submit that it this court cannot find that this Judge was plainly unreasonable when it imposed a sentence in this case And if you have no questions, I will yield the rest of my time Thank You. Mr. Liggins Miss Frederick rebuttal District judges have in place for them statutory and policy guidelines so that they're not Sentencing defendants from a place of emotion or anger Based on conduct that's occurred while persons on supervision. That's why there are all of the rules That's why there are all of the check boxes and so the court in its sentencing skips over all of those and just gets to the point of saying that 24 months a significantly bigger sentence than what is recommended by the guidelines is Justified because according to the court the last sense of 30 months didn't do any good That's not a conversation regarding. Mr. Ray's behavior while it's on supervision. It's the court resentencing, mr. Ray for what it perceives to be additional law violations, even though he's only been violated for Testing positive for a controlled substance absconding and in missing a meeting The case is that the government cites in its brief for all four cases where the defendants had picked up new significant charges domestic battery guns Those type of things. Mr. Ray did not do that. And as such his sentence was plainly unreasonable Thank You counsel the case will be taken under advisement